**FILED**
2017 Aug-16  PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ERIKA B. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| | ) | CV-17- |
| vs. | ) | JURY DEMAND |
| | ) | |
| JACKSONVILLE CITY BOARD | ) | |
| OF EDUCATION, and | ) | |
| DR. MARK PETERSEN, in his | ) | |
| official capacity as Superintendent, | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

## INTRODUCTION

1.     Plaintiff, a current employee of the Jacksonville City Board of Education, seeks declaratory and injunctive relief, compensatory damages, backpay, and frontpay from Defendants arising from Defendants' violation of her rights guaranteed to plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"). Specifically, Plaintiff alleges that the Defendants discriminated against her based upon race and gender in the terms and conditions of her employment in violation of Title VII.  The Plaintiff seeks compensatory damages and requests a jury trial

1

pursuant to 42 U.S.C. §1981a.

## JURISDICTION AND VENUE

2.     Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., as amended by the Civil Rights Act of 1991.

3.     Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4), and 42 U.S.C. §2000e, *et seq*.

4.     This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5.     Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

6.     Plaintiff has fulfilled all conditions precedent to the institution of this action under 28 U.S.C. §1331, 1343(4), and the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff timely filed her charge of race and sex discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of occurrence of the last discriminatory act, and she also alleged continuing violations. Plaintiff timely filed her claim of race and sex discrimination within 90 days of the plaintiff's receipt of the right-to-sue letter on Monday, May 22, 2017, which was issued by the EEOC on Friday, May 19, 2017.

## **PARTIES**

7.     Plaintiff, Erika Clark, (hereinafter "Plaintiff" or "Clark"), is an African-American, female citizen of the United States of America and a resident of the State of Alabama. At all times relevant to this action, Plaintiff has been employed by the Defendant, Jacksonville City Board of Education, at its Jacksonville, Calhoun Alabama location. The Board refers to the school system as "Jacksonville City Schools."

8.     Plaintiff is an employee of Defendant Jacksonville City Schools within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

9.     Defendant, Jacksonville City Board of Education ("Defendant" or "Jacksonville City Schools"), is an employer within the meaning of 42 U.S.C. §2000e(a)(b) and is subject to suit under 42 U.S.C. §2000e *et seq*. At all times relevant to this action, Defendant has employed at least fifteen (15) or more employees.

10.     Defendant Jacksonville City Board of Education is the duly constituted governing body of the Jacksonville City School System. Defendant is doing business within this District and Division.

11.     Defendant, Dr. Mark Petersen, Superintendent (hereinafter "Petersen"

or "Superintendent"), is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto, and as such is subject to suit under 28 U.S.C. §§1331, 1343(4), 2201 and 2202, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq*. Defendant Petersen is sued in his official capacity as Superintendent of the Jacksonville City Schools. Alabama law requires a recommendation by the superintendent and a vote of the school board members before any Board of Education can take personnel action, including providing the relief requested by the plaintiff.

## FACTS

12. The plaintiff has worked for Jacksonville City Schools since 1988.

13. The plaintiff was a Teacher from 1998-2002 and an Assistant Principal from 2002 - present.

14. In May 2016, the plaintiff had over fourteen (14) years of experience as a school level administrator.

15. From August 2015 through May 2016, the plaintiff served in the role as the acting Co-Principal of Jacksonville High School since the Defendant had not hired a person for the Principal position for that school year. In the absence of a Principal, the plaintiff and the other Assistant Principal at Jacksonville High School both assumed duties of the position of Principal. During this time, the plaintiff

4

completed all principal duties in the absence of the Principal.

16.    The plaintiff knew what to do and how to perform the duties of the Principal position at Jacksonville High School because she had been an Assistant Principal at this school since 2002.

17.    The plaintiff's colleagues and members of the community had (and still have) confidence in her abilities to lead Jacksonville High School.

18.    On October 27, 2015, the plaintiff submitted a letter of interest in the Jacksonville High School Principal position to the Interim Superintendent, Mr. Nabors, and incoming Superintendent, Dr. Mark Petersen.

19.    On January 30, 2016, the plaintiff received an email that she had made the first cut of applicants and that she should submit in written form the answers to fourteen (14) questions.

20.    On February 15, 2016, the plaintiff submitted her responses to said fourteen (14) questions. Some time later, the plaintiff received a phone call from the Superintendent's secretary, Lisa Townsend, stating that she would be interviewed on March 11, 2016.

21.    On March 11, 2016, the plaintiff was interviewed by a large committee consisting of community members, Jacksonville High School students, and facilitated by the Superintendent. The interview was video recorded at the Superintendent's

5

request and with the plaintiff's permission. There were two other candidates interviewed - one female and one male - both Caucasian and both from outside the district.

22. On March 11, 2016, three adult members of the interview committee (Nancy Reid, Mitchell McKay and Gene Rhodes) met with the Superintendent after the interviews. They all stated that they felt very strongly that the plaintiff should be named Principal. They stated that the plaintiff was by far the best candidate out of the 62 applicant. The Superintendent stated that he wanted to name the principal within the next thirty (30) days and hoped that the Board of Education would allow him to make the approved choice of the plaintiff.

23. On April 11, 2016, the selection committee members were emailed to report at 8:30 a.m. on the next day to interview five (5) new candidates for the Principal position. The five new candidates were all male.

24. Some time in May 2016, Bill Singleton, white male, was interviewed by a different composition of the selection committee. Committee members did not receive the written responses to the 14 questions for Mr. Singleton nor a copy of his resume prior to this interview.

25. For all other interviews, the committee members had received the applicant's written responses to the 14 questions and the applicant's resume prior to

6

their interview.

26.    On May 27, 2016, Jacksonville City Schools Superintendent, Dr. Mark
Petersen, came to the plaintiff's office and informed the plaintiff that she was not
selected as the Principal of Jacksonville High School. Dr. Petersen also informed the
plaintiff that she "could be the principal of any high school in this state but not
Jacksonville High School.

27.    On July 3, 2016, the Board approved the recommendation of
Superintendent Petersen to hire Bill Singleton as Principal of Jacksonville High
School, and to give him a three-year contract instead of a one-year probationary
contract.

28.    Upon information and belief, Singleton had far less experience as a
school level administrator than the plaintiff had. Singleton had never held the
position of Principal, and he only had five (5) years of experience as an administrator
in the positions of assistant or associate principal.

29.    In July 2016, Plaintiff had over 14 years of experience as an Assistant
Principal, and she had acted in the role of Principal at Jacksonville High School
during the absence of a Principal for 2015-2016 school year.

30.    The authority and responsibility for the daily operation, management,
control, supervision, maintenance, regulation, and improvement of Defendant is

7

vested by state law in the Superintendent subject to approval by Defendant Jacksonville City Board of Education. Furthermore, state law requires the Superintendent to make recommendations for all employment actions, including hirings, transfers and pay increases, to the Board of Education for approval or disapproval. Pursuant to state law, the Members of the Board of Education have final decision making authority on all employment recommendations made by the Superintendent.

31. Upon information and belief, Defendant has a history of discrimination against females and African-Americans.

## COUNT ONE

### TITLE VII - Gender Discrimination

32. The Plaintiff re-alleges and incorporates by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail herein below.

33. As set out in detail above, Defendants intentionally and maliciously discriminated against Plaintiff on the basis of her gender, female, in violation of Title VII by treating her differently in the terms and conditions of her employment, specifically by not promoting/selecting her as the Principal of Jacksonville High School. Male employees are not treated in a similar manner, and a less qualified male employee was hired for Principal position. Defendants intentionally violated

8

Plaintiff's rights pursuant to Title VII.

34.    The Defendant's conduct is a pattern and practice which resulted in disparate treatment against Plaintiff.

35.    Plaintiff was discriminated against because of her sex in her job duties and responsibilities, promotion, and in other terms and conditions of employment. Male employees were not treated in the same manner as Plaintiff was treated.

36.    All acts of gender discrimination were done wilfully and with malicious and reckless disregard for the rights of Plaintiff.

37.    In taking the above-described actions, Defendants intentionally discriminated against Plaintiff on the basis of her gender in violation of Title VII. The actions of Defendants were taken with malice or reckless indifference to the federally protected rights of Plaintiff.

38.    As a proximate consequence of Defendants' actions and the violations of Title VII as set out in detail above, Plaintiff has suffered, and will continue to suffer, lost income and benefits, severe mental anguish, humiliation, embarrassment and emotional distress, and other injuries and damages.

39.    Plaintiff is suffering and will continue to suffer irreparable injury from Defendant's conduct as set forth herein unless enjoined by this Court.

40.    Plaintiff has no adequate or complete remedy at law to redress the

wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory damages is her only means of securing adequate relief.

41.    As set out in detail above, Defendants knew, or should have known, of the gender discrimination and condoned, ratified and otherwise allowed the sexually discriminatory behavior to continue.

42.    Plaintiff suffered damages as a proximate result of these violations, which were caused by Defendants' policy or custom to allow and condone gender discrimination in deliberate indifference to rights of Plaintiff.

43.    Plaintiff has satisfied all administrative prerequisites to bringing her Title VII claims:

A.    On or about November 22, 2016, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B.    On or about Friday, May 19, 2017, the local EEOC issued and mailed to Plaintiff a Dismissal and Notice of Right to Sue on her EEOC charge, which she received on Monday, May 22, 2017.

C.    This complaint has been filed within 90 days of receipt of the notification of Right to Sue on her EEOC charge from the EEOC.

D. On or about June 5, 2017, the plaintiff, through counsel, requested that the local EEOC rescind the Dismissal and Notice of Right to Sue and forward her file to the U.S. Department of Justice, Civil Rights Division, for issuance of the proper Notice of Right to Sue since Defendant is a governmental agency. On or about June 12, 2017, the local EEOC refused the plaintiff's request on the basis that it had the authority to issue the Dismissal and Notice of Right to Sue to Plaintiff.

44. Defendants' conduct violates Title VII, as amended.

## COUNT TWO

## TITLE VII - Race Discrimination

45. The Plaintiff re-alleges and incorporates by reference paragraphs 1-44 above with the same force and effect as if fully set out in specific detail herein below.

46. As set out in detail above, Defendant intentionally and maliciously discriminated against Plaintiff on the basis of her race, African-American, in violation of Title VII by treating her differently in the terms and conditions of her employment, specifically by not awarding her the Principal position at Jacksonville High School. Caucasian employees are not treated in a similar manner, and a less qualified Caucasian male was hired for the Principal position. Defendants intentionally violated Plaintiff's rights pursuant to Title VII.

47. The Defendants' conduct is a pattern and practice which resulted in

11

disparate treatment against Plaintiff.

48.     Plaintiff was discriminated against because of her race in her job duties and responsibilities, promotion and in other terms and conditions of employment. Caucasian employees were not treated in the same manner as Plaintiff was treated.

49.     All acts of race discrimination were done wilfully and with malicious and reckless disregard for the rights of Plaintiff.

50.     In taking the above-described actions, Defendants intentionally discriminated against Plaintiff on the basis of her race in violation of Title VII. The actions of Defendants were taken with malice or reckless indifference to the federally protected rights of Plaintiff.

51.     As a proximate consequence of Defendants' actions and the violations of Title VII as set out in detail above, Plaintiff has suffered, and will continue to suffer, lost income and benefits, severe mental anguish, humiliation, embarrassment and emotional distress, and other injuries and damages.

52.     Plaintiff is suffering and will continue to suffer irreparable injury from Defendants' conduct as set forth herein unless enjoined by this Court.

53.     Plaintiff has no adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory damages is her only means of securing adequate relief.

54.     As set out in detail above, Defendants knew, or should have known, of the race discrimination and condoned, ratified and otherwise allowed the racially discriminatory behavior to continue.

55.     Plaintiff suffered damages as a proximate result of these violations, which were caused by Defendants' policy or custom to allow and condone race discrimination in deliberate indifference to rights of Plaintiff.

56.     Plaintiff has satisfied all administrative prerequisites to bringing her Title VII claims:

A.     On or about November 22, 2016, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B.     On or about May 19, 2017, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue on her EEOC charge, and mailed it to her on May 19, 2017, which she received on May 22, 2017.

C.     This complaint has been filed within 90 days of receipt of the notification of Right to Sue on her EEOC charge from the EEOC.

D.     On or about June 5, 2017, the plaintiff, through counsel, requested that the local EEOC rescind the Dismissal and Notice of Right to Sue and forward her file

13

to the U.S. Department of Justice, Civil Rights Division, for issuance of the proper Notice of Right to Sue since Defendant is a governmental agency.  On or about June 12, 2017, the local EEOC refused the plaintiff's request on the basis that it had the authority to issue the Dismissal and Notice of Right to Sue to Plaintiff.

57.     Defendants' conduct violates Title VII, as amended.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assumes jurisdiction of this action and after a jury trial:

1.      Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the Defendants are violative of the rights of Plaintiff as secured under Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto.

2.      Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendants' request from continuing to violate Title VII, as amended.

3.      Enter an Order requiring Defendants to instate Plaintiff to the position that she was discriminatorily denied.

4.      Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, a pay raise with backpay in the amount she would have earned but for the

unlawful and discriminatory practices of Defendants, and instatement to the position

of Principal from which she discriminatorily denied, or in the alternative, frontpay.

5.      Grant Plaintiff an award of compensatory damages, including but not

limited to an award for mental anguish and emotional distress.

6.      Award Plaintiff her costs and expenses, including an award of reasonable

attorney's fees.

7.      Award such other relief as may be appropriate.

Respectfully submitted,

Candis A. McGowan

Candis A. McGowan
Lacey Danley
Counsel for the Plaintiff

OF COUNSEL

WIGGINS CHILDS PANTAZIS
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

Edward Still
Edward Still Law Firm, LLC
429 Green Springs Highway
Suite 161-304
Birmingham, Alabama 35209
205/320-2882

PLAINTIFF HEREBY DEMANDS TRIAL BY A STRUCK JURY

Candis A. McGowan
Counsel for the Plaintiff

## **DEFENDANTS' ADDRESSES**

Serve Certified Mail:

Jacksonville City Board of Education
123 College Street, SW
Jacksonville, Alabama 36265

Dr. Mark Petersen, Superintendent
Jacksonville City Schools
123 College Street, SW
Jacksonville, Alabama 36265